# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CONTINENTAL RESOURCES, INC.** | **MISC. CASE NO. 06-MC-0001 (WDLA)** |
| VS. | CIVIL ACTION NO. 04-1681-F<br>WESTERN DISTRICT OF OKLAHOMA |
| **PXP GULF COAST, INC.**<br>**PXP LOUISIANA, LLC** | |

## MINUTES OF TELEPHONE DISCOVERY
## CONFERENCE AND ORDERS
*(February 16, 2006)*

The above-captioned matter is pending in the United States District Court for the Western District of Oklahoma. On February 16, 2006, the undersigned magistrate judge heard oral argument via telephone in connection with the PXP defendants' motion to quash, or alternatively, to modify the subpoena duces tecum for document production issued by plaintiff to non-party Petro-Land Resourcees on December 29, 2005.[1] The motion before the court seeks to quash or modify the subpoena on grounds that it is over-broad and seeks confidential trade secret information which is not relevant to plaintiff's claims. Continental filed an opposition to the motion to quash,[2] and PXP filed a reply brief.[3]

Participating in the conference were the following attorneys:

| NAME OF PARTY | ATTORNEYS |
|---|---|
| Plaintiff, Continental Resources, Inc. | Andrew Walding<br>Scott Hensgens |
| Defendants, PXP Gulf Coast, Inc. and PXP Louisiana, L.L.C. | Billy Shepherd<br>Wayne Claywater<br>Mark A. Marionneaux |

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 3.

[3] This pleading has not yet been docketed in the record.

*Factual and Procedural Background*

Plaintiff claims it is entitled to an assignment of certain Louisiana oil and gas leasehold working interests and production revenues pursuant to a Joint Exploration Agreement ("JEA") dated May 4, 2000, with 3TEC Energy Corporation ("3TEC"), which subsequently merged with PXP. The JEA contemplated the acquisition of oil and gas leases of Louisiana-owned offshore minerals in the vicinity of Breton Sound. Two specific areas of mutual interest ("AMI's") were identified in the JEA: the Olympus AMI and the Beta AMI. Plaintiff contends that, rather than honor the JEA, PXP entered into a "secret" exploration agreement with Century Exploration Company covering many of the same minerals included within the Olympus and Beta AMI's. In addition, plaintiff contends that after PXP entered into the agreement with Century, PXP recommended that plaintiff release certain properties within the JEA, and that leases on these properties were subsequently acquired by Century through its "straw men," two oil and gas lease brokers, Petro-Land and Cypress Energy Corporation.

*Law and Analysis*

On December 29, 2005, Continental issued a subpoena duces tecum to non-party Petro-Land. The subpoena requires Petro-Land to produce for inspection and copying the following documents:

> 1. All documents evidencing, discussing or relating to any contracts or agreements by and between Cypress Energy Corporation ("CYPRESS"), and any of the following entities: (a) Century Exploration New Orleans, Inc. (b) Century Exploration Houston, Inc., (c) Century Exploration, International, (d) Century Exploration Company, (e) 3TEC Energy corporation, (f) Plains Exploration & Production Company, (g) PXP Gulf Coast, Inc., and/or (h)PXP Louisiana, LLC, including documents evidencing or relating to any assignment, sale, conveyance or transfer of any interest in any Louisiana State Leases for Oil, Gas and Other Liquid or Gaseous Minerals.
>
> 2. All invoices issued on or after January 1, 2002, by CYPRESS to (a) Century

>  Exploration New Orleans, Inc., (b) Century Exploration Houston, Inc., (c) Century Exploration, International, (d) Century Exploration Company, (e) 3TEC Energy Corporation, (f) Plains Exploration & Production Company, (g) PCP Gulf Coast, Inc., and/or (h) PXP Louisiana, LLC.
>
> 3. All documents evidencing communications between CYPRESS and any of the entities identified above in requests 1 or 2.

The PXP defendants challenge the subpoena on the basis that it is overly broad and seeks irrelevant information that contains trade secrets or other confidential research, development, or commercial information. Alternatively, the PXP defendants request that the court modify the subpoena by entering an order limiting Requests Nos. 1 through 3 to State of Louisiana Lease Nos. 17767, 17963, and 17965, and the mineral interests at issue in the pending suit.

At the conference, counsel clarified that, to the extent that Requests Nos. 1 through 3 reference Cypress Energy Corporation ("Cypress"), such requests are erroneous and should properly reference Petro-Land.

After full discussion of all issues presented, the undersigned concluded that Requests Nos. 1 through 3 seek confidential trade secret information. The undersigned further concluded that the requests are overbroad and should be limited in scope to the specific AMI's identified in the original agreements between Continental and 3-TEC. Furthermore, counsel for Continental agreed to voluntarily limit Requests Nos. 1 through 3 to seek information regarding offshore AMI's only. Considering the foregoing,

**IT IS HEREBY ORDERED** that PXP's motion to quash is **GRANTED** to the extent that Continental shall limit Requests Nos. 1 through 3 to the specific AMI's identified in the original agreements between Continental and 3-TEC that are located offshore of the coast of Louisiana.

4

**IT IS FURTHER ORDERED** that the documents in question shall be produced subject to a protective/confidentiality order to be jointly executed by the parties and presented to the undersigned magistrate judge *within ten (10) days of the date of this order.*

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana, on February 23, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)